IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROHILLCO BUSINESS SERVICES LLC and GAP FUNDING COMPANY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant.[1] | Case No. 3:15-cv-02270-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

RoHillCo Business Services, LLC ("RoHillCo") and Gap Funding Company, LLC ("Gap Funding") (collectively, "Plaintiffs") bring the present action against JPMorgan Chase Bank, N.A. ("Defendant"), alleging a single claim for Breach of Fiduciary Duty.[2] Defendant now

---

[1] The Clerk of Court has previously corrected the Court's docket to reflect the correct spelling of defendant's name as "JPMorgan Chase Bank, N.A.," rather than "J.P. Morgan Chase Bank, N.A." (*See RoHillCo Bus. Serv. LLC v. JPMorgan Chase Bank, N.A.*, No. 3:15-cv-02270-SB, 2016 WL 4051296, at *1 n.1 (D. Or. June 24, 2016), *adopted by RoHillCo Bus. Serv. LLC v. JPMorgan Chase Bank, N.A.,* 2016 WL 4059220 (D. Or. July 25, 2016) (dismissing, without prejudice, the original Complaint in this case).)

[2] The First Amended Complaint entitles the cause of action "Breach of Fiduciary Duty/Negligence," but Plaintiffs refer to and analyze the claim as a breach of fiduciary claim only. (Pl.'s Resp. Def.'s Mot. Dismiss at 1, 3.)

PAGE 1 – FINDINGS AND RECOMMENDATION

moves to dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for failure to state a claim upon which relief may be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). The Court has considered the moving and responding papers and concludes that the motion is appropriate for disposition without oral argument pursuant to Local Rule 7-1(d)(1). For the reasons that follow, the Court recommends that the district judge grant Defendant's motion to dismiss (ECF No. 36).

## BACKGROUND

The following facts, which the Court accepts as true for purposes of the pending motion, are drawn from the allegations in Plaintiffs' First Amended Complaint, as supplemented by matters incorporated into the complaint by reference.

RoHillCo is an Oregon company that drafts and files liens on behalf of material subcontractors and suppliers. (First Am. Compl. ¶¶ 1, 6.) Gap Funding is an Oregon company that provides short-term financing to businesses. (First Am. Compl. ¶¶ 1, 5.) In return the businesses assign their accounts receivable to Gap Funding and execute a power of attorney that allows Gap Funding to deposit their checks in its general account. (First Am. Compl. ¶ 5.) Defendant is a financial institution registered and headquartered outside of Oregon. (First Am. Compl. ¶¶ 2, 3.)

In 2010, Plaintiffs opened business banking accounts and a line of credit with Defendant. (First Am. Compl. ¶ 5.) The bank-depositor relationships between Plaintiffs and Defendant were governed by a Deposit Account Agreement, of which this Court has previously taken judicial notice. *RoHillCo*, 2016 WL 4051296, at *1 n.2. At the time of opening the account, Defendant advised Plaintiff GAP Funding that Defendant would make a determination as to whether Defendant would honor third party checks on behalf of GAP Funding. (First Am. Compl. ¶ 5.)

On June 11, 2014, after operating the business accounts for several years without incident, an agent for Gap Funding attempted to deposit money in its account and was told there was a hold on the account, which meant that Gap Funding could not make any deposits or withdrawals at that time. (First Am. Compl. ¶¶ 7, 8.) The following day, June 12, 2014, a subcontractor attempted to cash RoHillCo checks, and Defendant told the subcontractor that the checks would not be honored. (First Am. Compl. ¶ 8.) Almost immediately thereafter, Plaintiffs learned that Defendant had frozen their banking accounts, and they realized that several payroll and vendor checks remained outstanding. (First Am. Compl. ¶ 9.)

Plaintiffs did not receive Defendant's written notice regarding the freezing of the accounts until a few days later. (First Am. Compl. ¶ 10.) Ultimately, Defendant did not honor a number of outstanding checks issued "from Plaintiffs' accounts and Plaintiffs were charged multiple fees from vendors and the payees' banks." (First Am. Compl. ¶ 9.) As a result, Plaintiffs were "forced to secure a cash loan to cover the outstanding checks that Defendant would not honor." (First Am. Compl. ¶ 9.)

The Deposit Account Agreement between the parties included a provision that addressed Defendant's authority to restrict Plaintiffs' accounts:

> **Restricting your account; blocking or delaying transactions**
> While there are many reasons why we may decline or prevent transactions to or from your account, it generally happens when we believe in good faith that preventing or restricting transactions on your account is advisable to protect you or us, or to comply with legal requirements. We may decline or prevent any or all transactions to or from your account. We may refuse, freeze, reverse, or delay any specific withdrawal, payment, or transfer of funds to or from your account, or we may remove funds from your account to hold them pending investigation, including one or more of the following circumstances:
> - Your account is involved in any legal or administrative proceeding;

- We receive conflicting information or instructions regarding account ownership, control, or activity;
- We suspect that you may be the victim of a fraud, scam, or financial exploitation, even though you have authorized the transaction(s);
- We suspect that any transaction may involve illegal activity or may be fraudulent;
- To comply, in our sole judgment, with any federal, state, or local law, rule, or regulation, including federal asset control and sanction rules and anti-money-laundering rules, or with our policies adopted to assure that we comply with those laws, rules, or regulations; or
- We reasonably believe that doing so is necessary to avoid a loss or reduce risk to Chase.

We also may limit cash deposits to or withdrawals from your account (or all of your accounts collectively) in a single transaction or total withdrawals or deposits during any period of time, in order to enhance our efforts to comply with federal or state law.

We will have no liability for any action we take under this section.

(Deck Decl. Ex. 1 at 18.)

Based on the foregoing events, Plaintiffs filed a Complaint against Defendant on December 4, 2015, asserting claims for breach of contract, negligent interference with business relations, negligence, and negligence *per se*. (Compl. ¶¶ 11-27.) This Court dismissed those claims without prejudice. *RoHillCo*, 2016 WL 4051296, at *1-4. On January 26, 2017, Plaintiffs filed a First Amended Complaint alleging a single claim for "Breach of Fiduciary Duty/Negligence," which Defendant now moves to dismiss with prejudice.

## ANALYSIS

### I. STANDARD OF REVIEW

The Ninth Circuit has "held that dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In evaluating the sufficiency of a complaint's factual allegations, courts must "accept as true all well-pleaded

PAGE 4 – FINDINGS AND RECOMMENDATION

allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Ultimately, surviving a motion to dismiss requires that the complaint "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 625 F.3d 1202, 1216 (9th Cir. 2011).

## II. DISCUSSION

To state a claim for breach of fiduciary duty under Oregon law, a plaintiff must plead facts showing that the defendant owed the plaintiff a fiduciary duty arising out of a "special relationship" between the parties. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 160 (2001) (finding an insurer's district manager was not in a "special relationship" with the insurer or management company because "the nature of their relationship was not one in which [the insurer] was to step into plaintiff's shoes and to manage his business affairs"). "The law implies a tort duty only when that relationship is of the type that, by its nature, allows one party to exercise judgment on the other party's behalf." *Id.* (citation omitted). Oregon law requires this Court to examine "all aspects of the relationship between the parties to determine whether one had a special relationship toward the other." *Bennett,* 332 Or. at 162.

As in the original Complaint, Plaintiffs again allege only a bank-depositor relationship with Defendant. (First Am. Compl. ¶ 5.) As this Court has already held, a bank-depositor relationship does not give rise to a "special relationship" for purposes of tort claims under Oregon law. *See RoHillCo*, 2016 WL 4051296, at *3 ("Plaintiffs allege no facts that plausibly suggest a special relationship between Plaintiffs and Defendant that was atypical from any other

PAGE 5 – FINDINGS AND RECOMMENDATION

bank/customer relationship" because "Plaintiffs have not alleged that Defendant was authorized to 'exercise independent judgment' on Plaintiffs' behalf and in Plaintiffs' interests, or that Defendant was acting to further the economic interests of Plaintiffs" and "[t]herefore, Plaintiffs fail adequately to plead the existence of a special relationship."); *see also Stevens v. First Interstate Bank of Cal.*, 167 Or. App. 280, 287 (2000) (finding no "special relationship" between a bank and its depositor requiring the bank to protect the depositor's information, because the relationship "does not require the [bank] to exercise independent judgment on the customer's behalf").

Plaintiffs now plead one additional fact in an attempt to establish that Defendant was authorized to exercise independent judgment on Plaintiffs' behalf: an oral statement at the time Plaintiffs opened their accounts. Plaintiffs allege that "[a]t the time of opening the account, the bank advised GAP that Defendant Bank would make a determination as to whether the bank would honor the third party checks on behalf of GAP." (First Am. Compl. ¶ 5.) In Plaintiffs' view, Defendant therefore "had a fiduciary duty and a special relationship to Plaintiffs in that Defendant Bank took on the responsibility of determining on behalf of Plaintiffs whether it would honor a deposited check." (First Am. Compl. ¶ 11.)

Contrary to Plaintiffs' argument that Defendant's representation about honoring checks created a special relationship outside the standard bank-depositor relationship, a bank's decision whether to honor a check is a bank's core function. If that were enough to create a special relationship, all bank-depositor relationships would qualify. Courts have long held that they do not. *See, e.g., Bromfield v. HSBC Bank Nev.,* No. 3:13-cv-462-SI, 2013 WL 3929846, at *5-6 (D. Or. July 29, 2013) (explaining that bank-customer relationships traditionally do not trigger fiduciary duties absent facts showing the bank was authorized "to 'exercise independent

judgment' on Plaintiff's behalf and in Plaintiff's interests, and … was acting to further the economic interest of Plaintiff"); *see also Dahl & Penne v. State Bank of Portland*, 110 Or. 68, 71-72 (1924) (finding that a bank's failure to honor a check does not create a fiduciary responsibility on behalf of the bank with respect to the depositor's account, because the "contract between the parties is purely a legal one, and has nothing of the nature of a trust in it") (*quoting Bank of Republic v. Millard*, 77 U.S. 152, 155-56 (1869)).

Plaintiffs also point to the Deposit Account Agreement in support of their argument that Defendant undertook to exercise independent judgment on Plaintiffs' behalf here. (Pl.'s Resp. Def.'s Mot. Dismiss at 5.) Where a contract exists between two parties, a court may examine the contract to determine the type of relationship between the parties. *Bennett,* 332 Or. at 162. The Deposit Account Agreement provides: "While there are many reasons why we may decline or prevent transactions to or from your account, it generally happens when we believe in ***good faith*** that preventing or restricting transactions on your account is advisable to protect ***you*** or us, or to comply with legal requirements." (Pl.'s Resp. Def.'s Mot. Dismiss at 5 (emphasis in Plaintiffs' brief, not in original Deposit Account Agreement), citing Deck Decl. Ex. 1 at 18.) The above provision merely shows that Defendant has reserved the right to restrict a customer's account for any reason, including to protect the customer. Nothing in the language supports Plaintiffs' assertion that Defendant was authorized to step into Plaintiffs' shoes and exercise independent business judgment on Plaintiffs' behalf. *See Jones v. Emerald Pac. Homes, Inc.*, 188 Or. App. 471, 478 (Or. Ct. App. 2003) (stating that "parties to a contract are in a 'special relationship' imposing a heightened duty of care and thereby creating potential tort liability when one party delegates to the other the authority to make important decisions with the understanding that the authority is to be exercised on behalf of and for the benefit of the authorizer").

The relationship between Defendant and Plaintiffs here was not materially different from any other bank-depositor relationship, a relationship that is not fiduciary in nature under Oregon law. *Dahl*, 110 Or. at 71-72. Accordingly, the district judge should dismiss Plaintiffs' breach of fiduciary duty claim.[3]

This is Plaintiffs' second attempt to state a claim against Defendant. *See RoHillCo*, 2016 WL 4051296. The Court gave Plaintiffs an opportunity to allege additional, material facts to cure their pleading deficiencies, but they failed to do so. A court may deny leave to amend where amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (affirming district court's denial of leave to amend where no facts in the record, including those "beyond the complaint," sufficed to state a claim). After careful consideration, this Court finds no tenable claim Plaintiffs could state against Defendant based upon the facts in this record. Therefore, the Court recommends that the district judge dismiss this action with prejudice.

## CONCLUSION

The district judge should grant Defendant's motion to dismiss (ECF No. 36), and dismiss Plaintiffs' First Amended Complaint with prejudice.

///

///

///

///

///

///

///

---

[3] The Court need not reach Defendant's second argument that Plaintiffs have failed to state a claim because the Deposit Account Agreement bars consequential damages.

PAGE 8 – FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 7th day of June, 2017.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge